HENRY TOBIN
v.
J. H. COLLIER.

*Mechanic's Liens—Bill to Enforce—Written Contract.*

In a proceeding to enforce a mechanic's lien, this court construes a writing given the defendant by the complainant setting forth the amount for which certain labor and material would be furnished, and affirms the decree for the latter.

[Opinion filed January 24, 1891.]

Tobin v. Collier.

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. C. F. MANSFIELD, for appellant.

Mr. THOMAS F. TIPTON, for appellee.

WALL, J.   This was a proceeding to enforce a mechanic's lien.  Decree was rendered, as prayed, for $54.27, from which an appeal is prosecuted to this court by the defendant.   It appears that the defendant, who was building a dwelling house, applied to the complainant, who was a hardware mer-. chant, to furnish certain articles of hardware, tin work and cresting contained in a list of specifications made out by an architect.

The complainant made his estimate on the articles of hardware, but was in doubt as to the meaning of the specifications in regard to the tin work, and was unable also to estimate the cresting because he had no manufacturer's catalogue describing the kinds called for.   The weight of the evidence tends to prove that it was fully agreed by the parties that the complainant would furnish the whole bill, except the cresting, for $128.45, provided the entire amount of tin work should not exceed 580 square feet, for any excess whereof six cents per foot should be charged, and for any less a deduction should be made at the same rate.

The defendant wished the matter put on paper and as the hour was late and it was near the time of the train which defendant was to take, the complainant gave the defendant a a writing as follows:

"GIBSON CITY, ILL.

"HENRY TOBIN, ESQ., Howard.

"*Dear Sir:*—I will furnish you hardware for your house as per specifications furnished me and marked 'A,' for $128.45; goods to be delivered at Howard, Ill.

"J. H. COLLIER."

The above includes labor of putting on roof."

The complainant furnished the materials and the work and

the defendant insisting that $128.45 covered it all refused to pay more. The present suit was to recover for the price of the cresting and for the excess of the work over 580 square feet.

It is now contended by appellant that as the contract was reduced to writing, oral proof can not be heard to explain or contradict it, and that there is nothing in the case to give a court of equity jurisdiction to reform the written contract.

It will be seen that the writing which constitutes the agreement relied on proposes merely to furnish the *hardware and the labor of putting on the roof.*

In terms, nothing more is undertaken. The proof does not show that the word "hardware," as used by builders and architects would include tin work or cresting. In the common acceptation of the term, tin work would not be included, and it would be a strained and forced construction to make it include the item of cresting. It might as well include iron fencing. Taking that view there is no difficulty in the case. The complainant does not seek all he might in respect to the tin work, but confines his demand to the excess over 580 feet, and to the price of the cresting. But if it should be conceded that the written agreement is uncertain and ambiguous, so that it must be disregarded, then there is proof that for the whole service, including labor and materials, the complainant might reasonably receive the sum here allowed in addition to the $128.45 which was paid.

It is probably true that it was not intended by the parties that the bid should include the entire list contained in the specifications, and that the only purpose of the writing was to state the amount, subject to the conditions, which both parties well understand, and it is fortunate that without doing violence to the language used, the real understanding can be carried out. The decree appears to be just and it will be affirmed.

*Decree affirmed.*